### WILSON v. BLUMENTHAL.

(City Court of New York, General Term.　May 18, 1894.)

EVIDENCE—WEIGHT AND SUFFICIENCY.

    On an issue as to whether money deposited in the name of W. was his property, or his wife's, W. testified that theretofore he had in the bank about $1,000; that he then owed his wife about $1,100, and delivered the pass book to her (but he could not tell the dates of the alleged loans to him from his wife, nor any of the specific amounts); that afterwards, as a loan from his wife, he drew out $925 of the deposit; and that afterwards he deposited $400, which was handed to him by his wife. Both W. and his wife testified that, after the deposit of the $400, W. drew $150 from the bank, as a loan from his wife. The bank was never notified of the alleged transfer. There was evidence that the wife had stated after the alleged transfer that W. had money in the bank, which he was drawing out, and giving to his son. *Held*, that the evidence was sufficient to sustain a finding that the money belonged to W.

Appeal from equity term.

Action by Caroline Wilson against Blumenthal, as receiver. From a judgment in favor of defendant, plaintiff appeals. Affirmed.

Argued before EHRLICH, C. J., and VAN WYCK, J.

James A. Deering, for appellant.

Daniel P. Hayes, for respondent.

VAN WYCK, J. This action was originally against Seaman's Saving Bank for a deposit claimed by plaintiff, and also claimed by defendant, as receiver of the property of the judgment debtor, Alanson Wilson (plaintiff's husband); and, by interpleader, such receiver was made defendant, instead of the bank. The cause was tried at the equity term, and the judge's findings will not be disturbed, because they are not against the evidence, or the weight of evidence. The plaintiff and her husband, the judgment debtor, were her only witnesses, and he testified that he had on deposit in the bank in May, 1889, the sum of $1,059.87, evidenced by a pass book in his name, and that he then owed his wife about $1,100, and delivered this pass book to her for such indebtedness. But he said he could not give the dates when the sums were lent to him by her, at various times, nor any of the specific amounts, and that the account was not changed at the bank, nor the bank notified of such transfer, and that he himself drew in September, 1889, $925 from this amount, but by his wife's consent, and as a loan from her, which left the balance of $134 still in bank, and that afterwards, and between April and November, 1891, he made four deposits, aggregating $400, but that these sums were his wife's money, handed to him by her for deposit. However, she testifies that she does not remember whether these deposits were made or not, and that she did not so deposit, and that if they were made he made them; and both testify that in 1892, by her consent, and as a loan from her, he drew $150 from the bank account, which left $384 on deposit. Both say that the bank was never notified of the alleged transfer, and that the husband, in person, drew all amounts, and made all deposits, but that the moneys were drawn by her consent, and used by the husband. The wife is the plaintiff, claiming the fund, and the husband was the judgment debtor, and deeply interested in the result; and the very testimony of both bears marks of incredibility, and, standing alone and uncontradicted, might well have been disregarded by the judge trying both facts and law. But the judgment creditor testified that in August, 1892, the wife (plaintiff) told him that her husband had money in the Seaman's Saving Bank, and that he was drawing it out, and giving it to his son by a former wife, and that then was the first time that he had seen a chance of collecting anything on the old judgment which he held against the husband, for $1,000; and Erhardt, a disinterested witness, testified that he heard this conversation between the wife and the judgment creditor. The findings of fact are justified by the evidence, and, as the questions asked on the cross-examination of the judgment creditor were properly excluded, the judgment is affirmed, with costs.